MáNly, J.
 

 The question presented by the pleadings in this case, is, whether a fund in the hands of the complainant, as administrator of Eebecca Lee, should be paid to the husband as her legal representative, or (as it arose originally from the^sale of real estate) to her children, as heirs-at-law.
 

 There is no ground for holding that this fund retained any of the characteristics of real property. It was competent for the parties, by a proper settlement, to have impressed this character upon it, but they have not done so, and it must, therefore, be transmitted according to the rules which govern the distribution of chattel property.
 

 The agreement, by which the fund was subjected toa trust, seems to have had for its object the benefit of the wife alone, and, therefore, according to a well established principle of equity, upon her death, the fund passed to her husband. This was recently declared in this Court, in the case of
 
 Little
 
 v.
 
 *354
 

 McLendon, 5
 
 Jones’ Eq. 216, where the authorities will be found cited.
 

 The parties interested may have a reference to the clerk of this Court, to take an account of the fund and report the residue after deducting the costs of administration, (the costs of this bill included,) which residue should be paid to the husband.
 

 Pke OueiaM, Decree accordingly.